UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50854
Summary Calendar
_____

JOVITA CASAREZ,

Plaintiff-Appellant,

OSCAR GONZALEZ, JR.; FRANK CORONADO,

Intervenors-Appellants,

versus

VAL VERDE COUNTY, a political subdivision of
the State of Texas; MARIA ELENA CARDENAS,
County Clerk of Val Verde County,

Defendants-Appellees,

D'WAYNE JERNIGAN; MURRY M. KACHEL;
STATE OF TEXAS,

Intervenors-Appellees.

_____

No. 98-51183
Summary Calendar
_____

JOVITA CASAREZ,

Plaintiff-Appellant,

OSCAR GONZALEZ, JR.; FRANK CORONADO,

Intervenors-Appellants,

versus

VAL VERDE COUNTY, ETC.; ET AL.,

Defendants,

**D'WAYNE JERNIGAN; MURRY M. KACHEL,**

**Intervenors-Appellees.**

_____

**Appeals from the United States District Court
for the Western District of Texas
(DR-96-CV-108)**
_____

September 2, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jovita Casarez, Oscar Gonzalez, Jr., and Frank Coronado, appeal the adverse summary judgment on their claims against Val Verde County and its Clerk, Maria Elena Cardenas, for violations of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the First and Fourteenth Amendments. They also appeal the award of costs and damages to D'Wayne Jernigan and Murry M. Kachel.

In the November 1996 general election, Jernigan was elected Sheriff of Val Verde County, defeating Gonzalez; Kachel was elected County Commissioner, defeating Coronado. On 4 December, Gonzalez and Coronado filed suit in state court, contesting the results of the election. Later in December, Casarez, a registered voter in Val Verde County, filed suit in federal district court against the County and its Clerk, alleging that her vote, as well as those of other Hispanics in the County, were diluted unlawfully by approximately 800 absentee ballots cast by claimed non-residents

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 2 -

(military personnel stationed at Laughlin Air Force Base and their spouses and dependants) under the Uniformed and Overseas Citizens Absentee Voters Act, 42 U.S.C. § 1973ff.

The federal court preliminarily enjoined Kachel and Jernigan from taking office and abated the federal court proceedings pending the outcome of the state court election contest. *Casarez v. Val Verde County*, 957 F. Supp. 847 (W.D. Tex. 1997). After the state court ruled in June 1997 that Gonzalez and Coronado had failed to establish that illegal votes were cast or had affected the outcome of the election, the federal court promptly dissolved the preliminary injunction. *Casarez v. Val Verde County*, 967 F.Supp. 917 (W.D. Tex. 1997). In February 1998, the appeal from the state court judgment was abandoned.

The federal district court subsequently granted summary judgment for defendants, holding that the state court's decision that the 800 absentee ballot votes were not cast illegally precluded establishing unlawful vote dilution. *Casarez v. Val Verde County*, No. DR-96-CA-108 (W.D. Tex. 17 July 1998) (unpublished). Later, the court awarded costs and damages to Jernigan (the salary he would have received if not wrongfully enjoined from taking office for approximately six months) and costs to Kachel (Kachel was not awarded damages because he declined to take office); Jernigan and Kachel's requests for attorneys' fees were denied. *Casarez v. Val Verde County*, 27 F. Supp. 2d 749 (W.D. Tex. 1998).

Appellants contend that, in granting summary judgment, the

- 3 -

district court erroneously relied on the outcome of the election contest in state court and improperly refused to consider their evidence in opposition to summary judgment. And, they contend that the award of costs and damages should be reversed because there is no factual or legal basis for it.

Based upon our review of the record and briefs, we conclude that, concerning summary judgment, and for the reasons stated by the district court in its above-cited and comprehensive opinion, the district court did not commit reversible error on the evidence issue and judgment was proper; and that the court did not abuse its discretion in awarding costs and damages.

*AFFIRMED*